UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PATRICK JOSEPH TURNER, ET AL.** | * | CIVIL ACTION |
| **VERSUS** | * | NO. 05-4206<br>CONSOLIDATED CASE |
| **MURPHY OIL USA, INC.** | * | SECTION "L" (2) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO CASE NOS. 06-6120, 06-7215, 06-8166 AND 06-8169**

ORDER AND REASONS

Before the Court are Plaintiffs'[1] Motions to Remand and For the Imposition of Fees and Costs (the "Motions") (Rec. Doc. Nos. 726, 756, 894, and 921). For the following reasons the motions are GRANTED IN PART.

**I.   Factual and Procedural Background**

This case arises out of an oil spill at Defendant Murphy Oil USA, Inc.'s ("Murphy") refinery located in Meraux, Louisiana, caused by Hurricane Katrina. The Plaintiffs filed suit against Murphy and Gregory L. Neve, the refinery manager, in the 34th Judicial District Court, Parish of St. Bernard, alleging that Murphy's and Neve's failure to follow Murphy's hurricane preparation procedures caused at least one oil tank to float and rupture during Hurricane Katrina. Murphy removed the actions arguing that the plaintiffs failed to state a cause of action against Mr. Neve and that he was improperly joined in order to destroy diversity jurisdiction.

The Court, on June 29, 2007, set the briefing schedule for the Motions. Murphy was permitted to file a single opposition to the Motions to remand. The Court heard oral argument

---

[1] The Plaintiffs include: Anthony Almerico, et al (Case No. 06-6120); Lenny and Paula Alvarez, et al (Case No. 06-7215); Chastity Desing (Case No. 06-8166); and Ada M. Johnson (Case No. 06-8169).

by the parties on July 26, 2007.

**II.    The Motions**

The Plaintiffs argue that Mr. Neve was properly joined since the plaintiffs have made sufficient allegations of personal fault to support a claim under *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). The Plaintiffs allege that Mr. Neve failed to implement the refinery's hurricane plan and failed to safe-guard against the possibility of an oil spill. Further, the Plaintiffs allege that, as refinery manager, Mr. Neve had direct personal responsibility for the day-to-day operations of the refinery as well as oversight and implementation of appropriate measures, practices and policies to be enacted, enforced, or implemented in anticipation of a hurricane. Mr. Neve, according to the Plaintiffs, had personal knowledge of the risk that, if the refinery were to flood, oil tanks could become dislodged and possibly rupture and that Murphy's policies required that all tanks be filled to 30% full when a hurricane is predicted to strike. The Plaintiffs allege that Mr. Neve failed to ensure that the ground level tanks were filled and that he knew or should have known that the oil tanks had not been properly filled to the 30% level.

The Plaintiffs also moved for the imposition of fees and costs against Murphy arguing that Murphy, based on the deposition testimony of Mr. Neve, knew of the extent and nature of Mr. Neve's personal fault and to argue that Mr. Neve is an improper defendant justifies an award of reasonable attorneys' fees and costs.

In response, Murphy argues that the personal liability of Mr. Neve must be examined under the truly unique circumstances of the case. Murphy argues that the Plaintiffs cannot assert a claim against Mr. Neve because the Plaintiffs have failed to establish that Mr. Neve had a personal duty to protect against an unprecedented hurricane and levee failure. Further, Murphy argues that the risk that an oil tank would leak due to the massive levee failure was not foreseeable by Mr. Neve and the plaintiffs' claims involve attenuated and complex questions of

proximate cause. Hurricane Katrina, and the resulting disaster, were completely unforeseeable and to impose personal liability on Mr. Neve would be inequitable and inconsistent with Louisiana law.

Murphy also argues that personal liability cannot be imposed on Mr. Neve because his position involves general administrative duties which do not subject him to personal liability under Louisiana law. According to Murphy, Mr. Neve was not responsible for inspecting or operating the equipment that caused the oil spill, instead Mr. Neve had an administrative job coordinating the activities of subordinates. As a result, Murphy argues Mr. Neve cannot be held personally liable unless he knew or should have know that the duty was not being performed and still failed to cure the risk. Murphy contends that Mr. Neve had no knowledge that any of the hurricane procedures were not being implemented.

### III.  Law and Analysis

#### A.  Improper Joinder

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was proper. *Jeringan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Typically, the removal statute is to be construed narrowly and in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). In order to demonstrate that resident

defendants were improperly joined, the removing defendant must show that "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gasch v. Hartford Accident & Ind. Co.*, – F.3d –, No. 06-20498, 2007 WL 1847141, *2 (5th Cir. June 28, 2007).  "Claims of fraudulent joinder should be resolved by a summary judgment-like procedure whenever possible.  Although the district court may 'pierce the pleadings' to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).  "Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  As a result, all disputed questions of fact and ambiguities of state law must be resolved in favor of the non-moving party.  *Gasch*, 2007 WL 1847141 at *2.

Here, in order to determine whether the Plaintiffs can establish a cause of action against Mr. Neve, the Court is to look to state law.  *See Burden*, 60 F.3d at 218-21 (applying Texas law).  The Louisiana Supreme Court has set forth the criteria for subjecting employees to personal liability for injuries suffered by third parties in *Canter v. Koehring Co.,* 283 So.2d 718, 721-23 (La. 1973).  In order for an employee to be found liable, the employer must owe a duty of care to a third party, the duty must be delegated by the employer to the defendant, and the employee must have "breached this duty through personal (as contrasted with technical or vicarious) fault." *Id.* at 721; *see also Carino v. Wal-Mart Louisiana, LLC*, No. 05-1978, 2006 WL 335784 (W.D. La. Feb. 9, 2006).  An employee may not be personally liable "simply because of his general administrative responsibility for performance of some function of employment." *Canter*, 283

So.2d at 721-23.  Also,

> [i]f the defendant's general responsibility has been delegated with due care to some responsibility subordinate or subordinates, he is himself not personally at fault or liable for the negligent performance of this responsibility unless he personally knows or should have know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Canter*, 283 So.2d at 716.

In *Hornsby v. Alliedsignal Inc.*, the district court for the Middle District of Louisiana applied the *Canter* test and determined that a plant manager was not personally liable for damage that resulted from a leak in a chemical plant.  961 F. Supp. 923, 929 (M.D. La. 1997).  The court, based on affidavits that stated that the plant manager did not have a personal duty to inspect plant machinery and that such duty had been delegated to others, held that there was no possibility that the plaintiff could prevail against the plant manager.  *Id.*; *see also Salavant v. Murphy Oil USA, Inc.*, 2007 WL 854262 (E.D. La. 2007) (holding that Mr. Neve was not personally liable for damages resulting from leak of sulfur dioxide fumes).

The Fifth Circuit, applying the *Canter* criteria, stated that the determination of a plant manager's personal liability turned on two factual issues: (1) whether the plant manager delegated with due care the responsibility of safe maintenance and operation and (2) whether the plant manager was "aware of should have been aware of a risk of harm and nevertheless failed to respond to the risk in the manner in which a reasonably prudent plant manager would respond in the same or similar circumstances."  *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994).  The court remanded the case in light of the fact that deposition testimony of several employees indicated that the plant manager was aware of the risk of harm and thus the evidence, when viewed in a light most favorable to the plaintiffs, raised the possibility that they could succeed in establishing a claim against the plant manager.  *Id.* at 938.

When considering the factual issues described by the Fifth Circuit in *Ford*, it would appear that the Plaintiffs have the possibility of establishing a cause of action against Mr. Neve. As stated above, one factual determination is whether Mr. Neve was aware of the risk and failed to act as a reasonable plant manager. *See Ford*, 32 F.3d at 938. In his deposition, Mr. Neve stated he was aware of the risk that a hurricane may cause the oil tanks to move:

> Q: Let's go specifically, then, to the operations activity which says     plan to fill ground level tanks to 30 percent full.  First of all          why on earth does the hurricane preparation plan call for that to       be accomplished?
>
> A: Because there was a concern that with storage tanks, that they have an adequate level.
>
> Q: Your answer because there was a concern with regard to an adequate level?
>
> A: That they could move.
>
> Q: And what would be the process by which they would move?
>
> A: They would either be moved by wind or by water.
>
> Q: Did you understand that flooding may cause the tank to actually      float as plant manager?
>
> A: Yes. I was aware that water could make the tank move. Yes.

(Neve Depo., p. 39-40). Mr. Neve also testified that he was aware that Hurricane Katrina would create the potential for flooding at the refinery:

> Q: And you knew that there was a forecast storm surge to at least 16 feet as early as Wednesday; isn't that true?
>
> A: Oh, they were – well, I don't know. I don't have it in front of me. But they do have a statement of storm surge on their weather forecast, yes.

>    Q:  Well, the statement that they, Impact Weather, was making about the storm surge was a pretty significant storm surge; isn't that true?
>
>    A:  Yes.
>
>    Q:  And you, therefore, were aware of the potential for flooding at the Meraux refinery before Saturday, weren't you?
>
>    A:  We were aware of the potential for flooding, yes.

(Neve Depo., p. 59). Based on Mr. Neve's testimony, it appears he was aware of the risk of harm that the hurricane may cause.

In his deposition, Mr. Neve states that, in preparation for Hurricane Katrina, he would ask if there were any issues or concerns in implementing the hurricane plan and that "it was up to [his subordinates] to come back and say, we can do this, we can't do that." (Never Demo., p. 38). Specifically, when asked whether he was told of any impediments to filling the tanks to 30% full, Mr. Never stated that he was not aware of any such issues. (Never Demo., p. 44-46) These facts create the issue of whether Mr. Never acted as a reasonable plant manager in this situation. In light of the fact that the Court must resolve all disputed questions of fact and ambiguities of state law in favor of the plaintiffs, it does not appear that there is no possibility that the Plaintiffs may assert a claim against Mr. Never. *See Gash*, 2007 WL 1847141 at *2.

## IV.     Conclusion

Accordingly, IT IS ORDERED that Plaintiffs Motions to Remand and For the Imposition of Fees and Costs are GRANTED IN PART and the cases are hereby REMANDED to the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana.  IT IS FURTHER ORDERED that plaintiffs' request for attorneys' fees and costs is DENIED.

New Orleans, Louisiana, this 28th day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE